# Pennsylvania Canal Co. *versus* Manning.

1. The Acts of May 16th 1857 and May 3d 1864, which provided for the sale by the state of its canals, and declared the obligation imposed on the purchaser, did not impose on the latter any obligation to alter, enlarge deepen or otherwise improve the canal, but simply to keep it in as good repair, and operating condition, as it had been during its ownership by the state.

2. The duty of the purchaser was to repair and restore those portions of the canal which had ceased to perform and fulfil their proper functions, but it was not obliged to create anything which had not previously existed.

3. Penna. Railroad Co. *v.* Patterson 23, P. F. Smith 491, followed.

May 29th 1878. Before AGNEW, C. J., MERCUR, GORDON, PAXSON, WOODWARD and TRUNKEY, JJ. SHARSWOOD, J., absent.

Error to the Court of Common Pleas of *Blair county*: Of May Term 1878, No. 131.

Case by John Manning against the Pennsylvania Canal Company, for the detention of his boat while navigating the canal of defendants.

The plaintiff alleged on the trial, that the Act of 16th of May 1857, authorizing the sale of the Main Line to the Pennsylvania Railroad Company, required the purchaser "to keep up the canal from Holidaysburg to Philadelphia in good repair and operating condition;" and also that the Act of 3d May 1864, authorizing the sale of said canal to the defendants, imposed the same condition upon them, and further required them "to keep said canal in good navigable condition during the navigation season." The plaintiff contended that defendants had not so kept up their canal, and that at various points during the season, he was with his boat, mules and hands detained in consequence of the bad condition of the canal.

The other material facts are stated in the opinion of this court.

The 10th point of the defendants was as follows:—

"The obligation imposed upon the defendants by the Act of 1857, did not require them to alter, enlarge, deepen, or otherwise improve the canal, and as the detentions complained of by the plaintiff on the Juniata Canal could not have been prevented without such alteration, enlargement and deepening, the defendants are not responsible.'

[Pennsylvania Canal Co. *v.* Manning.]

The answer of the court (Bucher, P. J., of the Twentieth Judicial District), was:

"The Act of 1857 clothed upon the defendant the duty of keeping the canal in navigable order; if it was not in navigable order at the time of the purchase it was the duty of the defendant to put it in that condition as soon as it reasonably could, taking into consideration the magnitude of the work and all the circumstances surrounding the particular case; and for further answer we refer to the general charge."

This answer constituted the 11th assignment of error.

In the general charge, the court, inter alia, said:

"With reference to the mitre sill, we instruct you that if it was so high that it interfered with navigation, and caused unnecessary detention, the defendants would be liable, even if this defect occurred while the Commonwealth owned the canal."

This portion of the charge constituted the 14th assignment of error.

The verdict was for the plaintiff for $208.14, and after judgment thereon defendants took this writ, among other assignments of error, being those noted above.

*D. J. Neff* and *L. W. Hall*, for plaintiffs in error.—The alleged detention at Huntingdon dam was claimed to be caused by the mitre sill of the lock being higher than it should have been. This was as the state constructed it. There was no pretence that it was out of repair. Such difficulties as alleged at this point could not have been obviated, without constructing a new canal, or enlarging, widening and deepening it. That no such obligation was imposed on the defendants was expressly ruled in case of Pennsylvania Railroad Co. *v.* Patterson, 23 P. F. Smith 491.

*Aug. S. Landis*, for defendant in error.—The defendants were presumed to know, and ought to have known the condition of their own canal, and if there were leaks, obstructions and other defects, they should have been removed and remedied by the defendants, for as Justice WILLIAMS held, the law required them to keep their canal in good repair and operating condition. Is it possible, if a mitre sill becomes so warped or displaced as to impede navigation, that defendants shall not repair it, because it was there when they bought the canal?

Mr. Justice MERCUR delivered the opinion of the court, October 7th 1878.

The defendant in error owned a canal-boat. With it, he navigated the canals of the plaintiffs in error. He brought this suit to recover damages for detention of his boat. The canals were built, and for several years operated, by the state. The Acts of 16th

6 NORRIS—16

[Pennsylvania Canal Co. *v.* Manning.]

May 1857 and 3d May 1864, provided for a sale by the state of the main line of the canal, and declared the obligation imposed on the purchaser thereof. The purchaser was required to for ever keep it in good repair and operating condition. The plaintiff in error took and held the canal subject to this duty and obligation. If, therefore, it was out of repair, so as to be unfit for use at the time of the sale by the state, it was the duty of the company to so repair it in a reasonable time, as to make it navigable. The statute did not impose on the purchaser any obligation to alter, enlarge, deepen or otherwise improve the canal. The duty of the company was· fully performed by keeping and putting it in as good repair and operating condition as it had been at any time, during its ownership by the state: Penna. Railroad Co. *v.* Patterson, 23 P. F. Smith 491.

The 10th point submitted by the plaintiff in error, requested the court to charge the jury that " the obligation imposed upon the defendants by the Act of 1857, did not require them to alter, enlarge, deepen or otherwise improve the canal, and as the detentions complained of by the plaintiff on the Juniata Canal, could not have been prevented without such alteration, enlargement and deepening, the defendants are not responsible." As the latter part of this point assumes a fact, which, under the evidence, should have been submitted to the jury to find, it would not have been a sufficient cause for reversal, if the learned judge had simply refused to affirm the point. Instead of. doing that, he answered, " the Act of 1857, clothed upon the defendants the duty of keeping the canal in navigable order; if it was not in navigable order at the time of the purchase, it was the duty of the defendants to put it in that condition as soon as they reasonably could, taking into consideration the magnitude of the work and all the circumstances surrounding the particular case ; and for further answer we refer to the general charge." This answer was wholly inadequate to present the true distinction to the mind of the jury. There is nothing in the general charge that cures the defect. It fails to instruct that the company was not required to alter, enlarge, deepen or otherwise improve the canal. The jury were told that it was the duty of the company to keep it in navigable order, and if it was not in such order at the time of the sale, the company was required to put it in that condition within a reasonable time thereafter. The jury may well have understood the instruction to be, that the company was obliged to put and keep the canal in navigable condition, although to effect that purpose it might be necessary to alter, enlarge, deepen or change its construction. Against such an opinion they should have been guarded. The duty of the company was to repair and restore those portions which had ceased to fulfil and perform their proper functions ; but it was obliged not to create anything which had not previously existed. The company was not

[Pennsylvania Canal Co. *v.* Manning.]

bound to widen or deepen the canal, nor its locks, nor to change its grades or levels, so as to make its condition different from that in which the state had once constructed and put its several parts. This answer was, therefore, clearly calculated to mislead the jury. Whenever such is its reasonable effect in an important part of the case, it is cause for reversal : Wenger *et al. v.* Barnhart *et al.*, 5 P. F. Smith 300 ; Gregg Township *v.* Jamison, Id. 468 ; Penna. Railroad Co. *v.* Berry, 18 Id. 272 ; Stall *v.* Meek, 20 Id. 181.

The error which is deducible from the answer to the tenth point is more distinctly expressed in that portion of the charge covered by the fourteenth assignment. If the mitre sill remains in the position and condition in which it was placed and put by the state, if it is not out of repair, the company is not liable for its interference with navigation. The company is not compelled to increase the capacity of the canal to adapt it to larger boats than the state designed to have navigated therein. If found inadequate for modern boats of increased size, the difficulty arises from its original construction, and not from want of proper repair. To pass such boats the defect can only be cured by an alteration in its structure, which the company is not, by law, compelled to make. The true question is, did the company keep and maintain the canal in as good navigable condition and repair as it had been constructed and put by the state at any time before the sale ? If the state erred in the manner of constructing it, the company is not liable therefor. It follows that the eleventh and fourteenth assignments are sustained. We discover nothing in the remaining assignments requiring correction.

Judgment reversed, and a *venire facias de novo* awarded.

TRUNKEY, J., filed a dissenting opinion.